UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ANTHONY ROBERT TREJO a/k/a Topp Dawggie, SID #555896, § § § **Plaintiff,** § § § v. § § **OFFICE OF INSPECTOR GENERAL, ET AL.,** § § § **Defendants.** § | SA-21-CV-00170-XR |

**ORDER**

Before the Court are various *pro se* post–judgment motions filed by Plaintiff Anthony Robert Trejo ("Trejo") following this Court's Order of Dismissal and Final Judgment. (ECF Nos. 6–8). The Court finds Trejo has filed the following post–judgment motions within his notice of appeal: (1) motion to reconsider pursuant to Rule 59(e) of the Federal Rules of Civil Procedure; (2) motion for more definite statement; (3) motion to change venue; and (4) motion to appoint counsel and an expert. (ECF No. 8). Upon consideration, the Court orders Trejo's motions **DENIED**. (*Id.*).

In its Order of Dismissal, the Court found that while incarcerated, Trejo has garnered three strikes based on prior findings and dismissals. (ECF No. 6); *see Trejo v. Janssen Pharm. Prods. LP*, No. 2:16-cv-00204-D (N.D. Tex. July 23, 2018) (dismissed with prejudice as frivolous); *Trejo v. Dretke*, No. 5:05-cv-00248-C (N.D. Tex. Nov. 18, 2005) (dismissed without prejudice for failure to exhaust administrative remedies); *Trejo v. Donohue, et al.*, No. 5:98-cv-00573-PMA (W.D. Tex. Dec. 14, 1999) (jury found Trejo's claims frivolous and returned verdict for defendants; district court rendered judgment based on verdict). Accordingly, the Court determined Trejo may not file

another civil action IFP while incarcerated unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). After reviewing Trejo's Complaint, the Court found it failed to meet the required standard for avoiding the three–strikes dismissal rule and dismissed the Complaint. (ECF Nos. 1, 6). Therefore, the Court denied Trejo's IFP application and dismissed his Complaint. (ECF No. 6).

In his Complaint, Trejo sued twenty–five defendants, including Mexican drug cartels, alleged neo–Nazis, individual gang members, the Mexican Mafia and certain of its members, and an entity he identified as the Officer of Inspector General, which he seemed to contend is an entity within the Bexar County Adult Detention Center but the Court found does not exist. (ECF Nos. 1, 6). His claims appeared delusional, including allegations of bribery, fraud, conspiracy, prostitution, attempted rape, attempted murder, terrorism, kidnapping, retaliation, violations of RICO, gambling, obstruction, money laundering, etc., but with no allegation that such acts were committed by an existing state actor for purposes of section 1983. (ECF No. 1). Moreover, Trejo did not appear to be the "victim" of most of the allegations. (*Id.*). Finally, it appeared his claims are based on events that allegedly already occurred. (*Id.*). Thus, based on the Court's review of the allegations contained in Trejo's Complaint, the Court found Trejo failed to meet the imminent danger requirement. (*Id.*); *see* 28 U.S.C. § 1915(g).

Following the Court's dismissal, Trejo filed a notice of appeal. (ECF No. 8). Therein, as set out above, Trejo included numerous post–judgment motions. (*Id.*). In his Rule 59(e) motion, Trejo appears to ask the Court to reconsider its dismissal of his Complaint and denial of his application to proceed IFP. (ECF No. 8). In support of his motion, he argues that unidentified non–state actors, referred to only as "Blood" or "Mexican Mafia," are "all on [his] tail."

2

(ECF No. 8). Trejo did not file suit against any actual state actors nor did he allege any state actor's conduct placed him in imminent danger. (ECF No. 1). Trejo does not directly address the Court's finding that he failed to establish imminent danger so as to avoid application of the three–strikes rule, and the Court finds his assertion that unidentified non–state actors are "all on [his] tail" is insufficient. (*Id.*). "[G]eneral allegations not grounded in specific facts indicating serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Miller v. Univ. of Tex. Med. Branch*, No. 16-CV-436, 2016 WL 3267346, at *2 (E.D. Tex. Jun. 15, 2016) (citations omitted). Section 1915(g) requires that a prisoner allege specific facts showing he is under imminent danger of serious physical injury. *Turner v. S. Health Partners*, No. 14-CV-1667-B, 2014 WL 2940580, at *1 (N.D. Tex. June 27, 2014) (citing *Valdez v. Bush*, No. 08-CV-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (internal citation omitted)). The Court finds Trejo has not shown the Court's prior finding that he failed to establish imminent danger of serious bodily injury is erroneous.

In addition to the Rule 59(e) motion, Trejo appears to assert motions for more definite statement, to change venue, and to appoint counsel and an expert. (ECF No. 8). The motion for more definite statement appears to be nothing more than a request that the Court further explain the findings set out in the Order of Dismissal. (*Id.*). The Court finds its prior rulings are sufficiently clear — Trejo has three–strikes and failed to establish imminent danger of serious bodily injury. (ECF No. 6). As to his other motions, Trejo presents no rational or relevant arguments relating to those motions. (ECF No. 8). Trejo's "arguments" with regard to the other motions contained within his notice of appeal are either non–existent, non–sensical, or indecipherable. (*Id.*). With regard to these motions, Trejo presents nothing for this Court's review.

**IT IS THEREFORE ORDERED** that Trejo's motion to reconsider pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, motion for more definite statement, motion to change venue, and motion to appoint counsel and an expert (ECF No. 8) are **DENIED**.

It is so **ORDERED**.

**SIGNED** this 25th day of May, 2021.

_____<br>
XAVIER RODRIGUEZ<br>
UNITED STATES DISTRICT JUDGE