UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **ANTHONY ROBERT TREJO a/k/a** §<br>**Topp Dawggie, SID #555896,** §<br>§<br>**Plaintiff,** §<br>§<br>v. §<br>§<br>**OFFICE OF INSPECTOR GENERAL,** §<br>**ET AL.,** §<br>§<br>**Defendants.** § | SA-21-CV-00170-XR |

**ORDER**

Before the Court in this 42 U.S.C. § 1983 civil rights matter is a post–judgment document filed by *pro se* Plaintiff Anthony Robert Trejo ("Trejo"). (ECF No. 12). In this document, Trejo appears to seek relief pursuant to Rule 60(b). (*Id.*). Trejo also references numerous other motions or actions pursuant to which he claims to seek relief: (1) "motion for show cause orders"; (2) "civil enforcement(s) – writ of mandamus (FOIA) (TFIO)"; (3) "42 USC 2241 Application filed 11/08/2021"; (4) "motion for production of documents"; and (5) "motion for stay." (*Id*); *see* FED. R. CIV. P. 60(b). Upon consideration, the Court orders Trejo's motions **DENIED**. (*Id.*).

In April 2021, the Court dismissed Trejo's 42 U.S.C. § 1983 Civil Rights Complaint and denied his application to proceed *in forma pauperis* ("IFP"). (ECF Nos. 6, 7). The Court found that while incarcerated, Trejo has garnered three strikes based on prior findings and dismissals. (ECF No. 6); *see Trejo v. Janssen Pharm. Prods. LP*, No. 2:16-cv-00204-D (N.D. Tex. July 23, 2018) (dismissed with prejudice as frivolous); *Trejo v. Dretke*, No. 5:05-cv-00248-C (N.D. Tex. Nov. 18, 2005) (dismissed without prejudice for failure to exhaust administrative remedies); *Trejo v. Donohue, et al.*, No. 5:98-cv-00573-PMA (W.D. Tex. Dec. 14, 1999) (jury found Trejo's claims

frivolous and returned verdict for defendants; district court rendered judgment based on verdict). Accordingly, the Court determined Trejo may not file another civil action IFP while incarcerated unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). After reviewing Trejo's Complaint, the Court found it failed to meet the required standard for avoiding the three–strikes dismissal rule. (ECF Nos. 1, 6). Therefore, the Court denied Trejo's IFP application and dismissed his Complaint. (ECF Nos. 6, 7).

In his Complaint, Trejo sued twenty–five defendants, including Mexican drug cartels, alleged neo–Nazis, individual gang members, the Mexican Mafia and certain of its members, and an entity he identified as the Officer of Inspector General, which he seemed to contend is an entity within the Bexar County Adult Detention Center, but the Court found does not exist. (ECF Nos. 1, 6). His claims, which included allegations of bribery, fraud, conspiracy, prostitution, attempted rape, attempted murder, terrorism, kidnapping, retaliation, violations of RICO, gambling, obstruction, money laundering, etc., appeared delusional. (ECF Nos. 1, 6)). Moreover, Trejo did not allege any of the acts were committed by an existing state actor for purposes of section 1983. (ECF Nos. 1, 6). Additionally, Trejo did not appear to be the "victim" of most of the allegations. (ECF Nos. 1, 6). Thus, based on the Court's review of the allegations contained in Trejo's Complaint, the Court found Trejo failed to meet the imminent danger requirement. (ECF Nos. 1, 6); *see* 28 U.S.C. § 1915(g).

Following the Court's dismissal, Trejo filed a notice of appeal. (ECF No. 8). Therein, Trejo included numerous post–judgment motions, including a Rule 59(e) motion challenging the Court's dismissal and denial of his IFP application. (*Id.*); *see* FED. R. CIV. P. 59(e). Trejo did not directly address the Court's finding that he failed to establish imminent danger so as to avoid application

2

of the three–strikes rule, and the Court found his assertion that unidentified non–state actors are "all on [his] tail" was insufficient. (*Id.*). "[G]eneral allegations not grounded in specific facts indicating serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Miller v. Univ. of Tex. Med. Branch*, No. 16-CV-436, 2016 WL 3267346, at *2 (E.D. Tex. Jun. 15, 2016) (citations omitted). Section 1915(g) requires that a prisoner allege specific facts showing he is under imminent danger of serious physical injury. *Turner v. S. Health Partners*, No. 14-CV-1667-B, 2014 WL 2940580, at *1 (N.D. Tex. June 27, 2014) (citing *Valdez v. Bush*, No. 08-CV-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (internal citation omitted)). Therefore, the Court found Trejo failed to show the Court's finding that he failed to establish imminent danger of serious bodily injury was erroneous. (ECF No. 9). The Court denied Trejo's Rule 59(e) motion. (*Id.*). The Court also denied Trejo's other motions, finding his argument regarding the motions non–existent, non–sensical, or indecipherable. (*Id.*).

Assuming Trejo is once more challenging this Court's dismissal order, this time pursuant to a Rule 60(b) motion, the Court finds he has again failed to address the Court's finding that he failed to establish imminent danger so as to avoid application of the three–strikes rule. (ECF No. 12). As to his other motions or requests for relief, Trejo presents no rational or relevant arguments relating to those motions or requests. (*Id.*). As with his prior post–judgment motion, Trejo's "arguments" with regard to the other "motions" contained within the pending post–judgment document are either non–existent, non–sensical, or indecipherable. (*Id.*). With regard to these motions, Trejo presents nothing for this Court's review.

**IT IS THEREFORE ORDERED** that Trejo's "motion for rehearing or reconsideration" pursuant to Rule 60(b)" (ECF No. 12) is **DENIED**.

**IT IS FURTHER ORDERED** that Trejo's other "motions" or requests for relief (ECF No. 12) are **DENIED**.

It is so **ORDERED**.

SIGNED this 17th day of February, 2022.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE